IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD TERRELL,

    Petitioner,                    No. 2:12-cv-1988 CKD P

    vs.

MIKE McDONALD, Warden,       ORDER AND

    Respondent.              FINDINGS & RECOMMENDATIONS

                                /

           Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

           Petitioner challenges his February 13, 2003 conviction for second degree robbery with two prior strikes, for which he was sentenced to a state prison term of 25 years to life. (Dkt. No. 1 at 1.) The court has examined its records, and finds that petitioner challenged this same conviction in an earlier action, Terrell v. McDonald, No. 2:11-cv-2095 KJM EFB P (E.D. Cal.) ("Terrell II"). In that case, the court determined that the petition was successive, as petitioner had challenged his February 2003 conviction in yet an earlier action, Terrell v.

1  Woodford, No. 2:07-cv-0784 MJP (E.D. Cal.) ("Terrell I"), in which the petition was denied on
2  the merits on March 17, 2009. Terrell II, Dkt. No. 6 at 2; Terrell I, Dkt. No. 33. As a result, the
3  court in Terrell II dismissed the petition as successive. Id., Dkt. No. 7.

4  That makes the instant case Terrell III, and the instant petition is also successive.
5  A petition is second or successive if it makes "claims contesting the same custody imposed by
6  the same judgment of a state court" that the petitioner previously challenged, and on which the
7  federal court issued a decision on the merits. Burton v. Stewart, 549 U.S. 147, 153 (2007); see
8  also Slack v. McDaniel, 529 U.S. 473, 485-486 (2000). Before filing a second or successive
9  petition in district court, a petitioner must obtain from the appellate court "an order authorizing
10 the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from
11 the appellate court, the district court is without jurisdiction to consider a second or successive
12 petition. See Burton, 549 U.S. at 152, 157. As in Terrell II, petitioner offers no evidence that the
13 appellate court has authorized this court to consider a second or successive petition challenging
14 his February 2003 conviction. Thus this action should be dismissed for lack of jurisdiction.

15  Accordingly, IT IS HEREBY ORDERED THAT:

16  1. Petitioner's application to proceed in forma pauperis is granted; and

17  2. The Clerk of Court shall assign a district judge to this action.

18  IT IS HEREBY RECOMMENDED that this petition be dismissed for lack of
19 jurisdiction.

20  If petitioner files objections, he shall also address if a certificate of appealability
21 should issue and, if so, as to which issues. A certificate of appealability may issue under 28
22 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
23 constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate
24 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

25  These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

1 days after being served with these findings and recommendations, petitioner may file written
2 objections with the court.  Such a document should be captioned "Objections to Magistrate
3 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
4 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
5 Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: August 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
terr1988.successive