IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD TERRELL,

      Petitioner,                      No.  2:12-cv-1988 KJM CKD P

    vs.

MIKE McDONALD, Warden,

      Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 6, 2012, the undersigned issued findings and a recommendation that the petition be dismissed for lack of jurisdiction.  (Dkt. No. 4.)  In light of petitioner's August 15, 2012 consent to this court's jurisdiction (Dkt. No. 5), the undersigned will vacate its earlier findings and recommendations in lieu of the instant order.

        Petitioner challenges his February 13, 2003 conviction for second degree robbery with two prior strikes, for which he was sentenced to a state prison term of 25 years to life. (Dkt. No. 1 at 1.)  The court has examined its records, and finds that petitioner challenged this same conviction in an earlier action, Terrell v. McDonald, No. 2:11-cv-2095 KJM EFB P (E.D. Cal.) ("Terrell II").  In that case, the court determined that the petition was successive, as petitioner had challenged his February 2003 conviction in yet an earlier action, Terrell v.

1

1  Woodford, No. 2:07-cv-0784 MJP (E.D. Cal.) ("Terrell I"), in which the petition was denied on
2  the merits on March 17, 2009.  Terrell II, Dkt. No. 6 at 2; Terrell I, Dkt. No. 33.  As a result, the
3  court in Terrell II dismissed the petition as successive.  Id., Dkt. No. 7.
4        That makes the instant case Terrell III, and the instant petition is also successive.
5  A petition is second or successive if it makes "claims contesting the same custody imposed by
6  the same judgment of a state court" that the petitioner previously challenged, and on which the
7  federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147, 153 (2007); see
8  also Slack v. McDaniel, 529 U.S. 473, 485-486 (2000).  Before filing a second or successive
9  petition in district court, a petitioner must obtain from the appellate court "an order authorizing
10 the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order from
11 the appellate court, the district court is without jurisdiction to consider a second or successive
12 petition.  See Burton, 549 U.S. at 152, 157.
13       The court has reviewed petitioner's objections to its earlier findings and
14 recommendations.  (Dkt. No. 8.)  As in Terrell II, petitioner offers no evidence that the appellate
15 court has authorized this court to consider a second or successive petition challenging his
16 February 2003 conviction.  Thus the court will dismiss this action for lack of jurisdiction.
17       Accordingly, IT IS HEREBY ORDERED THAT:
18       1. The order to assign a district judge to this action and the findings and
19 recommendations issued August 6, 2012 (Dkt. No. 4) are VACATED; and
20       2. The petition is dismissed for lack of jurisdiction.
21  Dated: September 25, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26  2 /terr1988.ord